UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KAREEM LEACH, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:16-cv-861 (SRU) |
| | : | |
| LIEUTENANT KING, *et al.*, | : | |
| Defendants. | : | |
| | : | |

## INITIAL REVIEW ORDER

Plaintiff Kareem Leach, currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983, alleging that the defendants violated his Fourteenth Amendment right to due process in connection with his designation as a Security Risk Group member. Leach names four defendants, Lieutenant King, Counselor Domijan, Correctional Officer Peracchio and District Administrator Peter Murphy. The complaint was received by the Court on June 2, 2016. (doc. 1) Leach's motion to proceed *in forma pauperis* was granted on June 8, 2016. (doc. 6)

Under section 1915A of Title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.   Allegations

The following allegations are taken from Leach's complaint. On January 15, 2016, Leach was removed from his general population cell at Cheshire Correctional Institution and placed in the restrictive housing unit without any written notification, which Leach asserts was a violation of Administrative Directive 9.5. Seven days later, on January 22, 2016, Leach received a disciplinary report for a "Security Risk Group Affiliation."

The disciplinary report stated that, after an investigation conducted between December 26, 2015 and January 22, 2016, it had been determined that Leach was the leader of the Rolling 30 Crips. The determination was based on recorded conversations on the inmate phones during which Leach discussed issues with rival gangs, vouched for new members, and inquired about the locations of other active Rolling 30 Crips. The disciplinary report did not reference any physical evidence supporting the charge.

On February 2, 2016, Leach attended a hearing before Disciplinary Hearing Officer defendant King. Leach alleges several procedural deficiencies at the hearing. First, Leach's advocate, defendant Domijan, failed to assist him in preparing a defense. Specifically, Leach alleges that defendant Domijan failed to obtain a copy of the physical evidence submitted at the

2

hearing, obtain witness statements from citizen witnesses identified by Leach, review the physical evidence, seek a continuance to enable Leach to obtain witness statements on his own, or review the recordings of Leach's phone calls. Second, Disciplinary Hearing Investigator defendant Peracchio denied Leach the ability to know about and rebut the evidence submitted at the hearing. Disciplinary Hearing Officer defendant King denied Leach's request for a continuance and his request to review evidence submitted at the hearing. Based on that evidence, defendant King found Leach guilty. Leach also alleges that the disciplinary report failed to provide sufficient detail to enable him to adequately marshal facts in his defense and that the record was insufficient to support the guilty finding. Leach did not receive a written report of the evidence supporting the guilty finding. Leach submitted a disciplinary appeal that was denied by defendant Murphy.

After Leach was found guilty of the charge, he was immediately transferred to Administrative Segregation and designated a Security Risk Group member for a fifteen-month period. Leach did not receive the notification required under Administrative Directive 6.14 prior to his transfer.

The conditions in the Security Risk Group unit are qualitatively different from the conditions in general population. Leach is permitted to shower only three times per week; denied all vocational, educational or job training opportunities; denied use of a television or other electronic items; denied clothing items allowed in general population; confined to his cell 23 or 24 hours per day; denied recreation and all opportunities for meaningful exercise; denied congregate religious services; required to wear restraints whenever he leaves his cell; and denied job credits, good time, and risk reduction earned credits and consideration for release on parole.

II.     Analysis

Leach asserts a claim for denial of his right to due process. To state a claim for denial of procedural due process in connection with prison disciplinary hearings, Leach must show that he had a protected liberty interest and that he was denied that interest without being afforded due process of law. Leach has a protected liberty interest only if the state has created a liberty interest in a statute or regulation and deprivation of that interest caused him to suffer an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

To make this determination, the court must examine the actual punishment received. *See Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004). The court considers both the conditions and their duration. *See Sealey v. Giltner*, 197 F.3d 578, 586 (2d Cir. 1999). The Second Circuit has held that, although there is not bright-line rule regarding the length of confinement in segregation required to implicate due process, "[c]onfinement in normal SHU [segregated housing unit] conditions for 305 days is in our judgment a sufficient departure from the ordinary incidents of prison life to require procedural due process protections under *Sandin*." *Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000); *see also Fludd v. Fischer*, 568 F. App'x 70, 72 (2d Cir. 2014) ("[E]ven under 'normal' conditions, solitary confinement for 305 days constitutes 'a sufficient departure from the ordinary incidents of prison life to require due process protections.'") (quoting *Colon*, 215 F.3d at 230).

Leach has provided a list of the ways in which conditions in segregation differ from conditions in general population. He alleges that he will be subjected to the harsh conditions for fifteen months, well in excess of the 305-day threshold identified by the Second Circuit. The

4

court concludes that the allegations are sufficient to allege a plausible claim.

III.     Conclusion

The complaint will proceed on the Fourteenth Amendment due process claims.

The Court enters the following orders:

(1)     **The Clerk shall** verify the current work address of each defendant with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to him at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     **The Clerk shall** prepare a summons form and send an official capacity service packet including the complaint and this order to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3)     **The Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4)     **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

**SO ORDERED** this 23rd day of June 2016 at Bridgeport, Connecticut.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge