UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KAREEM LEACH,
    Plaintiff,

v.                                         Case No. 3:16-cv-00861 (SRU)

LIEUTENANT KING, et al.,
    Defendants.

**RULING AND ORDER**

Kareem Leach, a prisoner, currently confined at Garner Correctional Institution, has filed a motion seeking a preliminary injunction directing the Department of Correction defendants to release him from the Security Risk Group Program and transfer him from segregation to the general prison population.

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). "[D]istrict courts may grant a preliminary injunction where a plaintiff demonstrates irreparable harm and meets one of two related standards: either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). "[T]he court's task when granting a preliminary injunction is generally to restore, and preserve, the status quo ante, *i.e.,* the situation that existed between the parties

immediately prior to the events that precipitated the dispute." *Asa v. Pictometry Intern. Corp.*, 757 F. Supp. 2d 238, 243 (W.D.N.Y. 2010). *See also McCormack v. Hiedeman*, 694 F.3d 1004, 1019 (9th Cir. 2012) (preliminary injunctive relief intended to preserve the status quo until the court can rule on lawsuit's merits).

When, however, the moving party seeks mandatory relief "that alters the status quo by commanding some positive act," the burden is higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). Mandatory preliminary injunctive relief "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Glob. Markets,* 598 F.3d at 35 n.4) (internal quotation marks omitted)). In this case, Leach seeks mandatory injunctive relief in the form of release from segregation and transfer to general population. Thus, he must meet the higher standard.

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997). Allegations of irreparable harm or claims of a likelihood of success on the merits must be substantiated with evidence in admissible form. *See Girard v. Hickey*, 2016 WL 915253, at *7 (N.D.N.Y. Mar. 4, 2016) (citing *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.")).

2

Leach has not submitted any admissible evidence in support of his motion. In response, the defendants state that Leach no longer is confined in the Security Risk Group Program. He currently is in general population at Garner Correctional Institution. Thus, the request for transfer is moot.

Leach also references a need for mental health treatment in his motion. In response to those statements, the defendants have had Leach evaluated by mental health staff for any concerns that he may be a suicide risk. The evaluation showed no current mental health concerns. However, Leach was advised to contact mental health staff immediately should he have any thoughts of suicide. Upon his arrival at Garner Correctional Institution, Leach told intake staff that he had no thoughts of suicide.

In light of Leach's transfer and the reports that no immediate mental health treatment is required, Leach's motion for preliminary injunction [**ECF No. 33**] is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of March 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge