UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREEM LEACH, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:16-cv-00861 (SRU) |
| : | |
| LIEUTENANT KING, et al., : | |
|     Defendants. : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. No. 18]
AND PLAINTIFF'S MOTIONS TO AMEND [Doc. Nos. 38 and 39]**

Kareem Leach, currently confined at Garner Correctional Institution, commenced this civil rights action *pro se*. The defendants named in his amended complaint are Lieutenant King, Counselor Domijan, Correctional Officer Peracchio, and Peter Murphy. All defendants are named in their individual and official capacities. Leach asserts a claim for denial of due process in connection with the disciplinary report that resulted in his designation as a Security Risk Group member and confinement in the Security Risk Group Program. The defendants have filed a motion to dismiss the case in part. In addition to opposing the motion to dismiss, Leach has filed two motions seeking leave to file a second amended complaint. For the reasons that follow, the defendants' motion **is granted in part**, and the plaintiff's motions to amend are **granted**.

**I.**     <u>Standard of Review</u>

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* However, when deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that the plaintiff has a valid claim for relief. *Id.* at 678–79 (2009); *Bell Atl. Corp.*, 550 U.S. at 555–56; *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

## II. Facts

The following facts are taken from the operative first amended complaint. In January 2016, Leach was housed in general population at Cheshire Correctional Institution. First Amended Complaint, Doc. No. 20, at 5. On January 15, 2016, he was placed in the restrictive housing unit without any written notification of the reasons for that placement. *Id.* After seven days, he was issued a disciplinary report by Correctional Officer Kelly and Lieutenant Matuszozak. *Id.* at 6.

The disciplinary report charged Leach with affiliation with the Security Risk Group ("SRG") Crips, and noted that a month-long investigation had shown Leach to be the leader of the Rollin 30 Crips. *Id.* Leach was found to have used inmate phones to discuss gang-related business including issues with rival gangs and the location of other active Rollin 30 Crips members. *Id.* The disciplinary report did not reference any physical evidence or witnesses.

On February 2, 2016, Leach attended a disciplinary hearing before Disciplinary Hearing Officer Lieutenant King. *Id.* Leach was found guilty and returned to restrictive housing pending transfer. After 17 days, Leach was assigned to Administrative Segregation as an SRG member. *Id.* Again, no notification of the reasons for the placement was provided. *Id.* at 6-7. Leach

alleges that he will remain in the SRG Program for 24 months. *Id.* at 7.

At the disciplinary hearing, Leach's advocate, defendant Domijan, did not assist him in preparing and presenting a defense, obtain a copy of any physical evidence that would be presented at the hearing, obtain witness statements from Leach's identified citizen witnesses, review the physical evidence, request a continuance to enable Leach to obtain witness statements, or review the recordings of Leach's telephone calls. *Id.* at 7-8. The disciplinary investigator, defendant Peracchio, refused to provide Leach a copy of the evidence that would be presented at the hearing. *Id.* at 8. Defendant King denied Leach's requests for continuance to obtain witness statements and to review the evidence against him. *Id.* at 8. Defendant King also failed to provide Leach a written report of the evidence supporting the guilty finding. *Id.*

Leach appealed the guilty finding. *Id.* at 9. He argued that the disciplinary report failed to allege sufficient details to enable him to present an adequate defense and identified all of the issues listed above. *Id.* Defendant Murphy denied the disciplinary appeal. *Id.*

The conditions in the SRG unit at MacDougall-Walker Correctional Institution are different from the conditions in general population. *Id.* at 10. Leach is permitted only three showers per week; denied vocational, educational and job training opportunities; denied use of a television or other electronic items; denied some clothing items permitted to general population inmates; confined in his cell 23 or 24 hours per day; denied all recreational opportunities for meaningful exercise; denied congregate religious services; required to wear restraints whenever he leaves his cell; and denied all consideration for release on parole. *Id.*

### III. Discussion

The defendants move to dismiss the amended complaint in part on three grounds: (1) allegations regarding restrictive housing placement at Cheshire Correctional Institution fail to

state a due process claim because the stay was too brief to implicate a liberty interest; (2) all claims for injunctive relief are too broad and relate to conditions at a different correctional facility from the one in which Leach currently is confined; and (3) the Eleventh Amendment bars Leach's claims for declaratory relief. Mem. of Law Supp. Def's Motion to Dismiss, Doc. No. 28-2, at 1. Leach has filed an objection to the motion to dismiss (Doc. No. 41) as well as two motions to file a second amended complaint (Doc. Nos. 38, 39).

A. Motions to Amend

In his second amended complaint, Leach states that, in the first amended complaint, he made a mathematical misstatement regarding the length of time he was confined in restrictive housing at Cheshire Correctional Institution. Second Amended Complaint, Doc. No. 38, at 1. He mistakenly stated that the time from January 15, 2016, until February 19, 2016, was 31 instead of 34 days. Leach also states that he learned since filing the amended complaint that Correctional Officer Kelly is a phone monitor for the Cheshire Intelligence Division. *Id.* The second document, although captioned a motion for leave to amend, appears to be the proposed amended complaint. *See* Doc. No. 39. The only differences between the first and second amended complaints are the mathematical correction referenced above and an allegation that Correctional Officer Kelly misrepresented the facts of a phone conversation to support the claim for SRG designation.

Because the additional allegations against Correctional Officer Kelly relate to the due process claim regarding SRG designation, which is not the subject of the motion to dismiss, the Court will permit the amendment. Leach's motions to amend are granted. The Clerk is directed to docket Doc. No. 39 as the second amended complaint. Because Leach has now been afforded two opportunities to amend the complaint to clarify his claims, I am not likely to entertain

4

favorably any future requests to amend.

Because the claims in the first amended complaint that are addressed in the defendants' motion are repeated in the second amended complaint, I will consider the defendants' motion to dismiss as addressed to the second amended complaint.

### B. Restrictive Confinement at Cheshire Correctional Institution

Leach includes as part of his due process challenge the time spent in restrictive housing at Cheshire Correctional Institution. The defendants contend that the time spent there was too short to constitute a constitutional violation.

To state a claim for denial of due process, Leach must show that he had a protected liberty interest and, if he had such an interest, that the defendants deprived him of that interest without affording him due process of law. *See Sandin v. Conner*, 515 U.S. 472 (1995). Leach has a protected liberty interest only if the state created such an interest in a statute or regulation and the deprivation of that interest caused him to suffer an atypical and significant hardship. *See Tellier v. Fields*, 280 F.3d 69, 81 (2d Cir. 2000).

Leach alleges that he was confined in restrictive housing before the disciplinary charge was issued and after the hearing while awaiting transfer to the SRG Program. First Amended Complaint, Doc. No. 20, at 5-6. Thus, he appears to have been confined in restrictive housing on Administrative Detention: "[u]pon arrival, the inmate will be placed on Administrative Detention pending the Administrative Segregation investigation and hearing." Northern Correctional Institution Administrative Segregation Program, http://portal.ct.gov/-/media/DOC/Pdf/NorthernASCCpdf.pdf?la=en (last visited March 12, 2018). Because Administrative Detention can be used only in limited situations, the Directive creates a liberty interest in avoiding Administrative Detention. *See Walker v. Quiros*, 2014 WL 7404550, at *8

5

(D. Conn. Sept. 30, 2014).

The duration of confinement in restrictive housing is an important factor to consider in evaluating prisoner due process claims. *See Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000). Because both confinement under harsh conditions for a short time and confinement under less harsh conditions for a longer time may be atypical, the Second Circuit has "avoided a bright line rule that a certain period of [restrictive housing] confinement automatically fails to implicate due process rights." *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004). Where, as here, a detailed factual record is lacking, the Second Circuit has "affirmed dismissal of due process claims only in cases where the period of time spent in [restrictive housing] was exceedingly short—less than the 30 days that the *Sandin* plaintiff spent in [restrictive housing]—and there was no indication that the plaintiff endured unusual [restrictive housing] conditions." *Id.* at 66 (citing cases).

The defendants state that Leach has alleged that he was confined in restrictive housing for 31 days, and argue that one additional day should not transform Leach's claim from not cognizable to cognizable. Mem. of Law Supp. Def's Motion to Dismiss, Doc. No. 28-2, at 6.

In his first amended complaint, Leach alleged that he was held in restrictive housing from January 15, 2016, until February 19, 2016, a total of 34 days. First Amended Complaint, Doc. No. 20, at 5-6. He corrected his mathematical misstatement in the second amended complaint. Second Amended Complaint, Doc. No. 38. Leach has alleged no facts regarding the restrictive housing confinement. The only allegations regarding conditions of confinement pertain to his SRG Program confinement. In the absence of a factual record, I cannot conclude that four additional days are irrelevant. *See J.S. v. T'Kach*, 714 F.3d 99, 106 (2d Cir. 2013) (factfinding required regarding conditions of confinement in restrictive housing where confinement exceeds 30 days) (citing cases). The defendants' motion to dismiss on this ground is denied.

C. <u>Injunctive Relief</u>

In both amended complaints, Leach seeks an injunction directing that the SRG designation be removed and that he be returned to general population. First Amended Complaint, Doc. No. 20, at 11; Second Amended Complaint, Doc. No. 39, at 12. The defendants contend that Leach's request for injunctive relief is too broad. Mem. of Law Supp. Def's Motion to Dismiss, Doc. No. 28-2, at 6. They argue that appropriate relief would be an order for a new hearing that affords Leach due process. *Id.* They also contend that the request for injunctive relief is moot because Leach now is confined in a different correctional facility. *Id.*

"Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626. "The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id.*

The federal right at issue in this case is due process at the disciplinary hearing that resulted in a determination that Leach was a high-ranking gang member. The defendants argue that, if I were to determine that Leach was denied due process, he would be entitled to have his assignment to the SRG Program reviewed again with the appropriate due process protections, and he would not necessarily be entitled to return to general population. *See* Mem. of Law Supp. Def's Motion to Dismiss, Doc. No. 28-2, at 7. If the reviewing official determined that the placement still was warranted, Leach would continue in the program. *Id.* In addition, the defendants argue that, if Leach were released to general population as a result of this case and then was again found guilty of SRG activity at a subsequent hearing, the period during which he

7

would have been housed in general population could implicate institutional safety and security. *Id.* at 7–8. In response, Leach states only that he should be awarded injunctive relief. First Amended Complaint, Doc. No. 20, at 11; Second Amended Complaint, Doc. No. 39, at 12. He makes no argument that the specific relief requested complies with the statutory requirements.[1]

I need not decide whether Leach seeks overly expansive relief. Because Leach has been returned to general population, his request for injunctive relief is moot. The defendants' motion to dismiss is granted without prejudice to the extent it is addressed to the request for injunctive relief.

D. Declaratory Relief

Finally, the defendants argue that Leach's claims for declaratory relief are barred by the Eleventh Amendment. Mem. of Law Supp. Def's Motion to Dismiss, Doc. No. 28-2, at 10. In both amended complaints, Leach seeks a declaration that the defendants violated his rights. First Amended Complaint, Doc. No. 20, at 11; Second Amended Complaint, Doc. No. 39, at 12. Those allegations refer to past conduct, that is, the disciplinary hearing. The Eleventh Amendment, however, bars declaratory relief against state officials regarding past conduct. *See Green v. Mansour*, 474 U.S. 64, 74 (1985) (holding that Eleventh Amendment bars retrospective declaratory relief against state officials); *New York State Correctional Officers & Police Benev. Ass'n, Inc. v. New York*, 911 F. Supp. 2d 111, 129 (N.D.N.Y. 2012) (Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past.") (citations omitted). The defendants' motion to dismiss is granted with respect to the claims for

---

[1] In addition, because Leach has not addressed the merits of the arguments seeking dismissal of his claims for injunctive and declaratory relief, I can consider these claims abandoned. *See, e.g., Cafasso v. Nappe*, 2017 WL 4167746, at *5 (D. Conn. Sept. 20, 2017) (noting that party waives argument by failing to address it in opposition to motion for summary judgment*); In re UBS AG Secs. Litig.*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) (recognizing that party "concedes through silence" arguments by its opponent that it fails to address).

declaratory relief.

## IV. CONCLUSION

The defendants' motion to dismiss [**Doc. No. 28**] is **GRANTED** with respect to the claims for declaratory and injunctive relief and **DENIED** in all other respects.

Leach's motions to amend [**Doc. Nos. 38 and 39**] are **GRANTED**. The Clerk is directed to docket **Doc. No. 39** as the second amended complaint.

The Clerk is directed to contact the Department of Correction Legal Affairs Unit to verify the current work address for Correctional Officer Kelly, mail a waiver of service of process packet containing a summons and the second amended complaint to Kelly at the confirmed address within twenty-one (21) days of this Order, and report to the court on the status of those waiver requests on the thirty-fifth day after mailing. If Kelly fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on Kelly in his or her individual capacity and Kelly shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

Defendant Kelly shall respond to the second amended complaint within **sixty (60) days** from the date of this order.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of March 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge